### In re TUCKER.

(District Court, E. D. North Carolina. April 30, 1908.)

BANKRUPTCY—CHATTEL MORTGAGE—VALIDITY.

A chattel mortgage upon a stock of goods, given and accepted with the understanding that the mortgagor should remain in possession and sell as usual, with no provision for an accounting, is fraudulent and void as against the creditors in bankruptcy of the mortgagor.

In Bankruptcy.

G. W. Taylor, for bankrupt.
Jacob Battle, for creditors.
T. T. Thorne, for E. Hardie.

PURNELL, District Judge. In this cause a controversy has arisen between the Pocomoke Guano Company, a creditor whose claim has been proved, a party in interest, and E Hardie, father of the bankrupt, who files a claim under a mortgage executed for $2,000 to secure a loan of $500. The note and mortgage were executed about a month before the adjudication on a stock of merchandise, which was all the property the bankrupt owned. George M. Tucker, husband of the bankrupt, negotiated the loan of $500 and carried the money to Tarboro, where his wife executed the mortgage. The purpose of the parties was to hinder and delay creditors. The bankrupt testified:

"I expected to use the money to compromise with my creditors. We expected to hold the creditors off till we could get a compromise."

The mortgage contains no provision for an accounting for the proceeds of sale of the merchandise. Mrs. Tucker says:

"It was understood I was to remain in possession of the goods and continue to sell them as usual."

This court has at some length collated the authorities in Mitchell v. Mitchell, 147 Fed 280, which has since been affirmed per curiam by the Circuit Court of Appeals, Fourth Circuit, to the same effect, and held that a mortgage of a stock of merchandise containing a provision that the mortgagors shall, remain in possession and sell as usual is fraudulent on its face. When the understanding is the mortgagor is to remain in possession, "selling as usual," it is no less fraudulent in fact or "upon understanding." It is not necessary to requote the authorities cited in Mitchell v Mitchell, supra. On these authorities the referee should have held the mortgage fraudulent in law; hence invalid. Mitchell v. Mitchell was from the same division of the district as the present case This court is still of the opinion the law in that case was properly decided; hence the referee is reversed, and the mortgage to Hardie held to be fraudulent and invalid.

It must therefore be expunged from the records and disallowed in the distribution of the funds of the estate.